UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RANDY VERNATTER,

    Petitioner,

    v.                                    CAUSE NO. 3:18-CV-150-RLM-MGG

WARDEN,

    Respondent.

OPINION AND ORDER

Randy Vernatter, a prisoner without a lawyer, filed a habeas corpus petition challenging a disciplinary hearing (STP 17-12-29) held on December 7, 2017, in which a disciplinary hearing officer found him guilty of engaging in an unauthorized financial transaction in violation of Indiana Department of Correction policy B-220. ECF 2 at 1. As a result, he lost earned credit time. *Id.* The Warden filed a return. ECF 8. Mr. Vernatter filed a traverse and a memorandum. ECF 10 and 11.

This case is virtually identical to Vernatter v. Warden, 3:18-CV-149 (N.D. Ind. filed February 28, 2019). In that case, Mr. Vernatter challenged another disciplinary hearing (STP 17-12-28) held the same day in which a disciplinary hearing officer found him guilty of a separate count of engaging in an unauthorized financial transaction in violation of Indiana Department of Correction policy B-220.

In this case, Mr. Vernatter was charged with receiving $50 from Elena Baker on October 4, 2017. In the other case, he was charged with receiving $80

from Elena Baker on September 22, 2017. Both events were uncovered during the same investigation and he was charged with both on the same day. His prison disciplinary hearings were held the same day. He filed a habeas challenge to both on the same day. Both present the same three grounds for habeas corpus relief phrased in nearly identical terms. Both have nearly an identical traverse and memorandum. The only meaningful distinctions are the underlying facts mentioned above.

The adjudication of his other habeas petition addressed the same claims presented here and found he was not entitled to habeas corpus relief. In the interests of judicial efficiency, the court adopts the opinion rendered in <u>Vernatter v. Warden</u>, 3:18-CV-149 (N.D. Ind. filed February 28, 2019), order entered May 22, 2019, ECF 12, as the explanation for why habeas corpus relief is denied in this case. A copy of that previous opinion is attached.

If Mr. Vernatter wants to appeal this order, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See* <u>Evans v. Circuit Court</u>, 569 F.3d 665, 666 (7th Cir. 2009). However, he can't proceed in forma pauperis on appeal because pursuant to 28 U.S.C. § 1915(a)(3) an appeal in this case couldn't be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition;

(2) DIRECTS the clerk to attach a copy of the order denying habeas corpus relief in <u>Vernatter v. Warden</u>, 3:18-CV-149 (N.D. Ind. filed February 28, 2019), order entered May 22, 2019, ECF 12, to this order;

(3) DENIES Mr. Vernatter leave to appeal in forma pauperis; and

(4) DIRECTS the clerk to close this case.

SO ORDERED on January 27, 2020

s/ Robert L. Miller, Jr.  
JUDGE  
UNITED STATES DISTRICT COURT